

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTEBAN DONATO MALDONADO DIAZ,<br><br>          Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 09-72102<br><br>Agency No. A072-140-781<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of
The Board of Immigration Appeals

Argued and Submitted March 12, 2014
San Francisco, California

Before:    WALLACE and BERZON, Circuit Judges; and ZOUHARY, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Petitioner Esteban Donato Maldonado Diaz ("Diaz"), a native of Guatemala, petitions for review of an order from the Board of Immigration Appeals ("BIA") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252.

Amicus counsel argues the BIA committed a due process violation by concluding Diaz had abandoned a political opposition claim related to a forced meeting held by guerrillas with townspeople and by failing to develop the record adequately. However, Diaz fails to show he suffered prejudice as a result of any alleged due process violation. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000); *see also Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). This is so because the generalized threats to the townspeople are patently insufficient to warrant relief. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000).

Substantial evidence supports the BIA's conclusion that Diaz did not establish past persecution on account of his political opinion or a well-founded fear of future persecution. *See Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001); *Sangha v. INS*, 103 F.3d 1482, 1486-87 (9th Cir. 1997). The bus robberies he endured were random acts of violence and fear of violence is an insufficient basis for granting asylum. *See Chavez v. INS*, 723 F.2d 1431, 1434 (9th Cir. 1984).

**PETITION DENIED.**